UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE FARM GENERAL INSURANCE COMPANY, as      CIVIL ACTION
subrogee of/and JOSEPHINE TYLER

VERSUS                                         NO. 05-2465

AMERICAN ELECTRIC, THOMAS AND BETTS            SECTION "F"
CORPORATION and ACUITY BRANDS, INC.

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

Background

In 2004 Josephine Tyler's house, which State Farm General Insurance Company insured, caught fire, causing damage to the house and Tyler's personal possessions. Believing the cause of the fire to be a faulty power strip manufactured by American Electric and its successors in interest, Thomas and Betts Corporation and Acuity Brands, Inc., Tyler and State Farm sued in state court. The defendants removed the case on the basis of diversity jurisdiction.

The plaintiffs now move to remand for lack of jurisdictional amount.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114

1

S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

The amount in controversy exceeds $75,000. Therefore, diversity jurisdiction exists.

In order for the Court to be able to exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The parties do not dispute the fact that complete diversity exists between them. Instead, they dispute the fact that the amount in controversy exceeds $75,000.

In accordance with Louisiana law, plaintiffs' complaint does not specify the amount of monetary damages being sought. In this situation, the removing defendants may prove that the amount in controversy exceeds $75,000 either by showing that it is "facially apparent" that the claims likely exceed $75,000 or "by setting forth the facts in controversy . . . that support a finding of the requisite amount." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). The facts presented must be relevant to the amount in controversy at the time of removal. Allen v. R & H Oil &

2

Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

Neither side presents any arguments regarding the amount of damages apparent on the face of the complaint. Instead, they focus on an exchange between plaintiffs' counsel and defendants' counsel. Plaintiffs' counsel told defendants' counsel that plaintiffs had paid for repairs in the amount of $75,987.13. After learning this, defendants sought removal. Plaintiffs' counsel, however, stipulates that plaintiffs are only entitled to recover the actual cash value of the property damage, which is $70,762.90.

There is no dispute that plaintiffs' counsel informed defendants' counsel that plaintiffs had paid over $75,000 on the insurance claim. Nor is there any dispute that over $75,000 was paid on the insurance claim. In the complaint filed in state court, plaintiffs state: "Under the terms of State Farm's policy and by principles of legal and conventional subrogation, State Farm is entitled to pursue this claim against your defendants to recover the amounts paid." Therefore, defendants have proven by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $75,000.

Since the defendants have established that the amount in controversy requirement is satisfied, the burden shifts back to the plaintiffs "to show, to a legal certainty, that the claim is really for less than the jurisdictional amount." Mahan v. Williams, No. Civ.A. 02-3265, 2003 WL 1341146, at *2 (E.D. La. Mar. 17, 2003) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)).

Plaintiffs have not presented enough evidence to satisfy the standard. "[T]he 'legal certainty' standard requires a plaintiff to show either some state law which would operate to prevent recovery in excess of the federal jurisdictional amount or that a plaintiff is 'bound irrevocably' to recover an amount less than the federal jurisdictional amount." <u>Nelson v. Family Dollar Stores of La., Inc.</u>, No. Civ.A. 04-2146, 2005 WL 517504, at *3 (E.D. La. Feb. 18, 2005) (citing <u>De Aguilar</u>, 47 F.3d at 1412, n.10)). Post-removal stipulations do not satisfy the legal certainty test. <u>See</u> <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883-84 (5th Cir. 2000); <u>Nelson v. Nationwide Mut. Ins. Co.</u>, 192 F. Supp. 2d 617, 619 (E.D. La. 2001). "[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." <u>Gebbia</u>, 233 F.3d at 883.

Plaintiffs' post-removal stipulation that the amount in controversy does not exceed $75,000 has no bearing on the jurisdictional question. Moreover, their conclusory contention that they are not entitled to recover more than the actual cash value of $70,762.90 does not satisfy the legal certainty requirement. Plaintiffs refer to Louisiana law, but do not provide the Court with any specific supporting citations. Cases suggest that the amount recoverable pivots on the language of the policy. <u>See, e.g.</u>, <u>Sayes v. Safeco Ins. Co. of Am.</u>, 576 So. 2d 1071, 1072 (La. Ct. App. 1991); <u>Trico Servs. Corp. v. Houston Gen. Ins. Co.</u>, 414 So. 2d 1313, 1319-20 (La. Ct. App. 1982). A bald statement that plaintiffs

are not entitled to recover more than $70,762.90 does not convince the Court that this is a legal certainty, especially when the defendants dispute the point with cases.

The complaint seeks recovery of the amounts paid. Both parties agree that the amounts paid exceed $75,000. Plaintiffs have provided the Court with no law indicating that they are not entitled to recover the amounts paid. Therefore, the amount in controversy requirement seems met and diversity jurisdiction exists.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, August 10, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE